UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SEAN RODNEY ORTH,<br><br>    Petitioner,<br>    v.<br>WARDEN, HDSP, *et al.*,<br><br>    Respondents. | Case No. 3:15-cv-00131-MMD-VPC<br><br>ORDER |

This action is a *pro se* petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by a Nevada state prisoner. The Court previously dismissed this action without prejudice based on defects in petitioner's *in forma pauperis* application. (Dkt. no. 3.)

Petitioner has filed a motion for reconsideration of the Court's order. (Dkt. no. 6.) Petitioner explains that he submitted his habeas petition to prison officials for mailing on February 19, 2015. (Dkt. no. 1-1 at 1; dkt. no. 6 at 5.) Also on February 19, 2015, petitioner submitted a request for his inmate account statement and a "brass slip" authorizing prison officials to withdraw $5.00 from his inmate account to send the filing fee to this Court. (Dkt. no. 6, at Exhibits 1 & 2.) Petitioner states that it took time for prison officials to process his request for an inmate account statement and his authorization to send the Court $5.00 from his inmate account. The Court has now received payment of the $5.00 filing fee. (Dkt. no. 5.)

Petitioner alleges that, by his calculations, once the Nevada Supreme Court issued its February 9, 2015 remittitur from the appeal of his state post-conviction

habeas petition, he had only a few days in which to file a timely federal habeas petition. Pursuant to the "mailbox rule," federal courts deem the filing date of a document as the date that it was given to prison officials for mailing. *Houston v. Lack*, 487 U.S. 266, 270 (1988). At numbered item 5, page 1, of the federal petition, petitioner states that he mailed or handed the petition to a correctional officer for mailing to this Court on February 19, 2015. (Dkt. no. 1-1 at 1.) The Court therefore deems the filing date of the federal habeas petition as February 19, 2015. At this time, the Court makes no finding regarding whether the federal habeas petition was timely filed. The interests of justice are best served by granting petitioner's motion for reconsideration and allowing this action to proceed on the petition filed February 19, 2015. *See* Fed. R. Civ. P. 60(b).

It is therefore ordered that petitioner's motion for reconsideration (dkt. no. 6) is granted and the Clerk of Court shall reopen this action.

It is further ordered that the Clerk shall FILE and electronically serve the petition (dkt. no. 1-1) upon the respondents. The Clerk of Court shall add Attorney General Adam Paul Laxalt to the CM/ECF docket sheet.

It is further ordered that respondents shall have forty-five (45) days from entry of this order within which to answer, or otherwise respond to, the petition. In their answer or other response, respondents shall address all claims presented in the petition. Respondents shall raise all potential affirmative defenses in the initial responsive pleading, including lack of exhaustion and procedural default. Successive motions to dismiss will not be entertained. If an answer is filed, respondents shall comply with the requirements of Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. §2254. If an answer is filed, petitioner shall have forty-five (45) days from the date of service of the answer to file a reply.

It is further ordered that any state court record exhibits filed by respondents shall be filed with a separate index of exhibits identifying the exhibits by number or letter. The hard copy of all state court record exhibits shall be forwarded, for this case, to the staff attorneys in the Reno Division of the Clerk of Court.

It is further ordered that, henceforth, petitioner shall serve upon the Attorney General of the State of Nevada a copy of every pleading, motion, or other document he submits for consideration by the Court. Petitioner shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the Attorney General. The Court may disregard any paper that does not include a certificate of service. After respondents appear in this action, petitioner shall make such service upon the particular Deputy Attorney General assigned to the case.

DATED THIS 19th day of October 2015.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE